Richard L. GATES, Appellant,

v.

The CITY OF FORT WORTH and F. L. Priore, Appellees.

No. 17979.

Court of Civil Appeals of Texas, Fort Worth.

June 8, 1978.

Rehearing Denied June 29, 1978.

Leeper & Priddy and Laurance L. Priddy, Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., John Gray, Asst. City Atty., Fort Worth, for appellees.

## OPINION

SPURLOCK, Justice.

This is a summary judgment case. Richard L. Gates (appellant) alleged that he received an on-the-job injury on December 16, 1975, while employed by the City of Fort Worth in the Sanitation Division. He received a worker's compensation settlement from the city. Gates received a release from his doctor for light duty work. The City of Fort Worth, acting through its personnel director, wrote two letters to Gates. By these letters, the City of Fort Worth informed Gates that until he received a full duty release from his doctor, the city could not "employ" him, since no light duty jobs were available. By his First Amended Original Petition and by his summary judgment proof, Gates contends that he was terminated because he had made a worker's compensation claim against the City of Fort Worth. Defendants, City of Fort Worth and F. L. Priore (the city's personnel director), moved for summary judgment. The trial court granted both defendants' motions for summary judgment. Gates has perfected his appeal.

We affirm.

By his first four points of error, Gates basically contends that the trial court erred in rendering summary judgment, because Tex.Rev.Civ.Stat.Ann. art 8307c [1] (quoted below) was available to him as a public employee.

Effective August 29, 1977, the Texas Legislature extended worker's compensation coverage to certain employees of political subdivisions through the enactment of art. 8309h.

Art. 8307c, effective August 30, 1971, provides:

Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Sec. 2. A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

Sec. 3. The district courts of the State of Texas shall have jurisdiction, for cause shown, to restrain violations of this Act. Acts 1971, 62nd Leg., p. 884, ch. 115, Aug. 30, 1971.

With the extension of worker's compensation protection to certain employees of political subdivisions, the Texas Legislature provided in art. 8309h the specific worker's compensation laws which they were adopt-

1. All statutory references are to Tex.Rev.Civ. Stat.Ann. (Supp.1978).

ing as applicable to the covered public employee. Art. 8309h, § 3, which is captioned "[a]doption of general workmen's compensation laws," provides that:

Sec. 3. (a) The following laws as amended or as they may hereafter be amended are adopted except to the extent that they are inconsistent with this article:

(1) Sections 1, 3, 3a, 3b, 4, 5, 6, 7, 7a, 7b, 7c, 7d, 7e, 8, 8a, 8b, 9, 10, 11, 11a, 12, 12a, 12b, 12c, 12c–1, 12c–2, 12d, 12e, 12f, 12g, 12h, 12i, 13, 14, 15, 15a, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 of Article 8306, Revised Civil Statutes of Texas, 1925, as amended;

(2) Section1, Chapter 248, General Laws, Acts of the 42nd Legislature, Regular Session, 1931, as amended (Article 8306a, Vernon's Texas Civil Statutes);

(3) Sections 4a, 5, 5a, 6a, 7, 7a, 7b, 11, 12, 13, and 14 of Article 8307, Revised Civil Statutes of Texas, 1925, as amended;

(4) Article 8307b, Revised Civil Statutes of Texas, 1925, as added by Section 2, Chapter 261, Acts of the 45th Legislature, Regular Session, 1937;

(5) Sections 18 and 18a, Article 8308, Revised Civil Statutes of Texas, 1925, as amended;

(6) Sections 1, 1b, 4, and 5, Article 8309, Revised Civil Statutes of Texas, 1925, as amended; and

(7) Section 7, Chapter 178, Acts of the 53rd Legislature, Regular Session, 1953 (Article 8309a, Vernon's Texas Civil Statutes).

(b) Provided that whenever in the above adopted sections of Articles 8306, 8306a, 8307, 8307b, 8309 and 8309a of the Revised Civil Statutes of Texas, 1925, as amended the words "association," "subscriber," or "employer," or their equivalents appear in such articles, they shall be construed to and shall mean "a political subdivision."

We note that our Legislature did not include art. 8307c in the list of statutes made applicable to the public employees covered by art. 8309h. In essence, Gates asks that we extend the protection of art. 8307c to the public employee. This we decline to do, since we constitute an appellate court rather than the Legislature.

We hold that art. 8307c is not applicable to those public employees covered by art. 8309h. We overrule Gates' first four points of error.

By his fifth point of error, Gates contends that "[t]he trial court erred in sustaining both defendants' motions for summary judgment for the reason that the defense of governmental immunity should be held to be no longer available." Thus, Gates basically asks this court to overrule the doctrine of governmental immunity. We must hold that the doctrine of governmental immunity is still a viable doctrine in Texas jurisprudence. *Barr v. Bernhard,* 562 S.W.2d 844 (Tex.1978). We overrule Gates' fifth point of error.

The judgment of the trial court is affirmed.