Rita **LANDEROS, Coadministrator of the Estate of Manuel Landeros and as Next of Friend of Manuel Landeros, Jr. and Lorraine Landeros, Minor Children, Appellants,**

v.

**The CITY OF EL PASO, The El Paso Public Service Board and El Paso Water Utilities, Appellees.**

No. 08–90–00053–CV.

Court of Appeals of Texas, El Paso.

Jan. 16, 1991.

Rehearing Overruled March 13, 1991.

Patrick L. Quinn, Victor R. Arditti, El Paso, for appellants.

E. Link Beck, Beck & James, El Paso, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment. We affirm.

On June 6, 1988, the decedent, former husband of the Appellant, was an employee of the El Paso Water Utilities and was working in a trench. A water main broke which caused the collapse of the siding and the drowning of the man in the mud and sludge. Appellants received workers' compensation benefits. She brought suit for gross negligence for failing to shore up the sides of the trench, and this cause of action was subjected to a summary judgment.

Point of Error No. One alleges the trial court wrongfully relied upon Tex.Rev.Civ. Stat.Ann. art. 8309h, § 3(a)(1) (Vernon Supp.1990).

Article 8309h governs workmens' compensation insurance for employees of political subdivisions. The amended § 3(a)(1) (amended again since) expressly adopted the former Tex.Rev.Civ.Stat.Ann. art. 8306, *excepting §§ 5 and 28* (Vernon 1967 & Supp.1991). Section 5 expressly abnegated any prohibition by the Workers' Compensation Act of the recovery of exemplary damages for willful acts or omissions and gross negligence of any person, firm or corporation.

In *Gates v. City of Fort Worth,* 567 S.W.2d 871 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.), the court was presented with a similar problem involving Tex.Rev.Civ.Stat.Ann. art. 8307c, the "wrongful discharge" proviso. In its analysis, it noted the legislature did not include Article 8307c in the list of statutes made applicable to the public employees covered by 8309h, and the courts have no authority to do so. We adopt the same reasoning in this case.

Appellants contend to deny a cause of action for gross negligence would be a violation of Tex. Const. art. 16, § 26, which provides that every person, corporation or company, that commits a homicide through willful act or omission, or gross neglect, shall be responsible to the decedent's survivors in exemplary damages.

Tex. Const. art. 11, § 13(a) now provides the legislature may define which functions of a municipality are governmental and which are proprietary. Tex.Civ.Prac. & Rem.Code 101.0215 (Vernon Supp.1991) classifies waterworks as a governmental function. The common law absolute sovereign immunity vested in a governmental entity while performing a governmental function survives, and Article 16, § 26 must be construed in light thereof. *Lynch v. Port of Houston Authority,* 671 S.W.2d 954 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Point of Error No. One is overruled.

Point of Error No. Two contends the denial of exemplary damages is a violation of the equal protection clause of the Fourteenth Amendment of the United

States Constitution. The right denied is the right to sue the state for exemplary damages. That right has financial value but is not a "fundamental right" as that term has been defined. *Lynch* at 958. Point of Error No. Two is overruled.

Judgment of the trial court is affirmed.