**Mildred D. VAUGHAN, Appellant,**

v.

**ROY H. LAIRD MEMORIAL HOSPITAL and City of Kilgore, Texas, Appellees.**

**No. 6–92–128–CV.**

Court of Appeals of Texas, Texarkana.

June 8, 1993.

Kenneth L. Ross, Longview, for appellant.

R.L. Whitehead, Jr., Longview, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Appellant Mildred D. Vaughan appeals from a summary judgment in favor of the City of Kilgore, Texas. Vaughan contends that she was wrongfully fired from her job in the City-owned and City-operated Roy H. Laird Memorial Hospital, on June 1, 1988, because she filed a workers' compensation claim for injuries received on the job in August, 1987.

Vaughan brings two points of error: (1) the City is estopped from asserting a governmental immunity defense against her, a female hospital worker, because it did not assert a governmental immunity defense in an unrelated suit under the Workers' Compensation Act brought by another City employee, a male firefighter, and (2) the trial court erred in granting summary judgment in favor of the City because her termi-

nation was in violation of her rights under the Workers' Compensation Act.

In August, 1987, Vaughan sustained an injury that she alleges was in the course of employment in the Hospital. Approximately two weeks after she sustained the injury, she retained an attorney and filed a claim for workers' compensation benefits. In June, 1988, when Vaughan attempted to return to work, the Hospital terminated her employment.

Vaughan filed suit against the City and its Hospital on May 30, 1990. She alleged that she was fired in retaliation for having filed a workers' compensation claim. In granting the City's motion for summary judgment, the trial court stated that, at the time of the occurrences giving rise to the cause of action alleged in the suit (1987), the statutory right of recovery for discriminatory discharge or retaliation did not apply to a municipal employee.

In reviewing a summary judgment, an appellate court must resolve any doubts in favor of the nonmoving party. *Gonzalez v. Mission American Insurance Co.*, 795 S.W.2d 734, 736 (Tex.1990). The motion for summary judgment and the supporting affidavits must establish that the movant is entitled to judgment as a matter of law. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991).

■ We will first consider Vaughan's claim that the court erred in granting a summary judgment in favor of the City on the ground of sovereign immunity because, in a prior unrelated suit against the City for termination of a male City firefighter for filing claims under the Workers' Compensation Act, the City did not raise the defense of sovereign immunity. Vaughan urges that the City's action was discrimina-

tory and in violation of unspecified Texas and federal law because the firefighter in the other action was male and she is female. She reasons that the City is estopped from raising a particular defense in a suit if it did not raise it in any prior suit against a person of different gender. She cites no authority for this novel allegation, and we are aware of none. This point of error is without merit and is overruled.

■ Vaughan also contends that, as a City employee, she was entitled to recover in her suit against the City and its Hospital under the Workers' Compensation Act. Vaughan cites the case of *Albright v. Longview Police Department*, 884 F.2d 835 (5th Cir.1989). In that case, Bettie Page was one of two employees of Good Shepherd Hospital, Inc., who filed suit against the hospital for wrongful termination. Page sued under federal statutes and also the Texas Workers' Compensation Act (Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Supp.1989)). The federal court jury found that she had been retaliated against for having filed a workers' compensation claim. The Fifth Circuit upheld that finding, noting that a damage award was proper pursuant to Article 8307c.[1] In *Albright*, however, Good Shepherd Hospital, although owned by Gregg County, was managed and operated by a private entity, and the hospital was found not to be a state actor by the federal court. In the instant case, the parties agree that the Hospital is owned and operated by the City of Kilgore. Accordingly, Vaughan was a City employee at the time of her discharge, whereas, in *Albright*, Page was an employee of a private entity which operated the hospital. *Albright* is not in point with the case at bar.

1. Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Supp. 1989) provides in relevant part:

Sec. 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Sec. 2. A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of a violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

The language of this statute is the same today as in 1988. *See* Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Supp.1993).

Vaughan also cites the case of *Wallace v. City of Midland*, 836 S.W.2d 641 (Tex. App.—El Paso 1992, no writ). In that case, Wallace, a former city firefighter, sued the city for wrongful discharge, breach of contract, and breach of the duty of good faith and fair dealing. On motion of the city, the court severed the good faith and fair dealing claims and entered a summary judgment for the city as to those claims on the ground of sovereign immunity. Vaughan states in her brief that Wallace's claim under the Act survived the summary judgment. There is no support in the *Wallace opinion* for this claim. The trial court in *Wallace* indicated that "the only issue in this appeal is whether the bad faith cause of action against the City is barred as a matter of law by the doctrine of sovereign immunity." *Id.* at 642. Accordingly, there is nothing before this Court to indicate the resolution of the remaining claims brought by Wallace against the City of Midland.

We must decide, therefore, whether Article 8307c or any other statute provided a cause of action in 1987 for the retaliatory termination of a municipal employee who was discharged for filing a claim under the Workers' Compensation Act. While the two cases cited by Vaughan do not support her contention that recovery under the Workers' Compensation Act against governmental units by governmental workers was well established under Texas law in 1988, Vaughan is correct as to the state of the law with regard to municipal employees at that time.

The City argues that, at the time of Vaughan's termination in 1988, the Legislature had not extended the protections of Article 8307c to municipal employees. We disagree. The relevant legislation regarding workers' compensation in Texas is as follows:

(1) In 1971, the Legislature enacted Article 8307c to provide a cause of action for persons who had been discharged or otherwise discriminated against for filing a workers' compensation claim. Employees of the State and its political subdivisions were *not* protected by this enactment. *See* Act of April 20, 1971, 62nd Leg., ch. 115, 1971 Tex.Gen.Laws 884, effective August 30, 1971.

(2) Protection was subsequently extended to *State* employees by enactment of Article 8309g, and in 1973 the Legislature enacted Article 8309h extending workers' compensation insurance to employees of political subdivisions of the State, effective July 1, 1974. *See* Act of May 10, 1973, 63rd Leg., ch. 88, § 17, 1973 Tex.Gen.Laws 198, effective May 15, 1973. Article 8309h adopted by reference several general workers' compensation laws, but the adoption did *not* include Article 8307c. Political subdivision employees therefore had no cause of action for discrimination under the workers' compensation statute.

(3) In 1975, the Legislature amended Article 8309h, § (3)(a) by incorporating certain sections of various general workers' compensation laws. *See* Act of May 17, 1975, 64th Leg., ch. 302, § 1, 1975 Tex.Gen.Laws 787, effective May 27, 1975. Once again, the adoption did *not* include Article 8307c, and thus employees of political subdivisions still had no statutory cause of action for discrimination under the Act.

(4) In 1981, the Legislature again amended Section 3(a) of Article 8309h to incorporate sections of various general workers' compensation laws, *including Article 8307c*. *See* Act of May 31, 1981, 67th Leg., ch. 352, § 3, 1981 Tex.Gen.Laws 937, effective August 31, 1981. This amendment thus extended to employees of political subdivisions the right to bring suit for acts of discrimination based on the filing of a claim under the Workers' Compensation Act.

(5) In 1989, the Legislature once again amended Section 3(a) of Article 8309h, and Article 8307c was included among the workers' compensation laws adopted and incorporated into Article 8309h. *See* Act of December 12, 1989, 71st Leg., 2nd C.S., ch. 1, § 15.47, 1989 Tex.Gen.Laws 113, effective January 1, 1991.

As the above compilation demonstrates, employees of political subdivisions in Texas have had a right to bring suit for discrimination based on the filing of a workers' compensation claim since August 31, 1981. The City argues to the contrary and first

relies on *Gates v. City of Fort Worth*, 567 S.W.2d 871 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.). In *Gates,* the court granted the City's motion for summary judgment on the ground of governmental immunity. That court correctly noted that, although in 1977 the Texas Legislature extended workers' compensation coverage to certain employees of political subdivisions by enactment of Article 8309h, the enactment did not include the protections of Article 8307c for employees of political subdivisions. *Gates v. City of Fort Worth,* 567 S.W.2d at 873. The decision in *Gates* correctly reflected the law as it existed in 1978, but as above noted, the Legislature has since included political subdivision employees within the ambit of protection provided by Article 8307c.

The rationale of the *Gates* court was adopted by the court in *Landeros v. The City of El Paso,* 804 S.W.2d 188 (Tex. App.—El Paso 1991, writ denied), a wrongful death suit alleging willful acts or omissions and gross negligence by a municipality. The court, citing *Gates,* held that "common law absolute sovereign immunity vested in a governmental entity while performing of a governmental function survives." *Id.* at 189. In adopting the *Gates* rationale, the *Landeros* court apparently was unaware that Article 8309h had been amended in 1981 so as to adopt the wrongful discharge proviso of Article 8307c, thereby affording municipal employees protection from discriminatory firing because of the filing of a workers' compensation claim. *See* Act of May 31, 1981, 67th Leg., p. 937, ch. 352, § 2, 1981 Tex.Gen.Laws 937, effective August 31, 1981. Accordingly, even though the Supreme Court denied error in *Landeros,* that case appears to have been wrongly decided in the appellate court and is not sound authority in support of the City's position in the present case.

Vaughn's suit was filed in 1987, and the judgment was handed down in 1988. Unlike the situation in *Gates,* Vaughan was protected by the provisions of Article 8307c as adopted and incorporated by the Legislature into Article 8309h in 1981.

The City contends that Vaughan is barred by Section 3(e) of Article 8309h, which provides that nothing in that Act or the Workers' Compensation Act shall be construed to authorize causes of action or damages against a political subdivision beyond the actions and damages authorized by the Texas Tort Claims Act (Chapter 101, Texas Civil Practice and Remedies Code). The effective date of this section was January 1, 1991, clearly after the action by the City upon which the present claim is based.

For a discussion of the applicability of the Texas Tort Claims Act to a suit by a municipal employee for wrongful discharge under the Workers' Compensation Act, see *Barfield v. City of La Porte,* 849 S.W.2d 842 (Tex.App.—Texarkana 1993, no writ). In *Barfield,* this Court reversed a summary judgment and remanded the cause for a trial on the merits on the basis of a showing by the appellant that he had been terminated from city employment because he filed a workers' compensation claim against the City of La Porte.

We conclude that Vaughan was entitled to the protection afforded by Article 8307c (as incorporated into Article 8309h) against discriminatory firing because of the filing of a workers' compensation claim. A city, as an employer, is prohibited from discharging an employee for filing or pursuing a workers' compensation claim, and governmental immunity does not protect a city against a cause of action under Article 8307c. *Barfield v. City of La Porte,* 849 S.W.2d 842; *see also City of La Porte v. Prince,* 851 S.W.2d 876 (Tex.App.—Waco, 1993, n.w.h.). Accordingly, the City was not entitled to judgment as a matter of law. The point of error is sustained.

Because the City of Kilgore was not entitled to judgment as a matter of law, the summary judgment is reversed, and the cause is remanded for a trial on the merits.