Opinion of August 14, 2007, Withdrawn; Petition for Writ of Mandamus
Granted and Majority and Dissenting Opinions filed February 7, 2008








Opinion of August 14,
2007, Withdrawn; Petition for Writ of Mandamus Granted and Majority and
Dissenting Opinions filed February 7, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00653-CV

____________

 

IN RE CALVIN D. WELLS d/b/a/ WELLS & SONS ROOFING
COMPANY, Relator

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

D I S S E
N T I N G   O P I N I O N

 This is
a case of first impression that involves interpretation of the Residential
Construction Liability Act (ARCLA@).[1] I would hold
that the trial court did not abuse its discretion by denying relator=s motion to dismiss the underlying
lawsuit.  Accordingly, I respectfully dissent.  

The threshold
inquiry regarding protections afforded by the RCLA is whether that person is a Acontractor@ as defined in the act.  In pertinent
part, the legislature defined contractor as follows:








a builder, as defined by Section 401.003, and any
person contracting with an owner for the construction or sale of a new
residence constructed by that person or of an alteration of or addition to an
existing residence, repair of a new or existing residence, or construction,
sale, alteration, addition, or repair of an appurtenance to a new or existing
resident. 

Act of June 20, 2003, 78th Leg. R.S.,
ch 458 ' 2.01, 2003 Tex. Gen. Laws
1723(amended 2007) (current version at Tex. Prop. Code Ann. ' 27.001(5) (Vernon Supp. 2007).[2] 


In pertinent part of the Texas
Residential Construction Commission Act,  Abuilder@ is defined as:

any business entity or individual who . . . constructs
or supervises or manages the construction of:

(1) a new home;

(2) a material improvement to a home, other
than an improvement solely to replace or repair a roof of an existing home; or

(3) an improvement to the interior of an
existing home when the cost of the work exceeds $20,000

Act of June 20, 2003, 78th Leg.,
R.S., ch. 458 ' 1.01, 2003 Tex. Gen. Laws 1704, (amended 2007) (current version at Tex.
Prop. Code Ann. ' 401.003(a) (Vernon Supp. 2007) (emphasis added).[3]








Regretfully,
my colleagues employ a literal text interpretation to support their conclusion
that the above provisions are unambiguous. The majority bases its
interpretation on the broad definition of Acontractor,@ and reasons that relator, Wells
Roofing, is a contractor as defined by the RCLA because it contracted with an
owner for Aconstruction of an alteration to an existing residence or repair to an
existing residence.@  The majority emphasizes general or broad language over
specific language that pertains to the status of a person or entity engaged solely
in the repair or replacement of roofs.  The majority follows with the
conclusion: Awhile Wells Roofing may not be a Abuilder,@ it is, as a matter of law, a Acontractor.@  While I agree that the definition
of Acontractor@ includes more persons and
circumstances than the definition of Abuilder,@ the majority=s interpretation is flawed because
general or broad language is given greater force or effect than contradictory specific
language. Without reference to common law rules of statutory construction or
the Code Construction Act,[4]  the majority
has rendered the roofing contractor=s exclusion in the RCLA meaningless. 


In
defining the term builder, the legislature specifically excluded
entities that replace or repair the roof of an existing home.  See Act
of June 20, 2003, 78th Leg., R.S., ch. 458 ' 1.01, 2003 Tex. Gen. Laws 1704,
(amended 2007).  The legislature infused this specific exclusionary
language into the RCLA by reference to the word Abuilder as defined by  Section
401.003."  The majority attempts to avoid the conflicting language by
emphasizing the conjunctive Aand@ in the definition of Acontractor@ under Section 27.001.  The majority
refuses to acknowledge that there is a conflict between general language that
includes any Aalteration of or addition to an existing residence@ and language that specifically
excludes contracts Asolely to replace or repair a roof.@  

 This court should attempt to harmonize
statutes and avoid an interpretation that renders any portion meaningless.  See
Barfield, 898 S.W.2d at 292. I would hold that the specific exclusionary
language controls and roofers are outside the purview of the RCLA.








If
possible, we must construe statutes as written and ascertain legislative intent
from the text. Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.
2001).  However, if the plain language is susceptible to two or more reasonable
interpretations a statute will be considered ambiguous, and we should refer to
extra-textual sources to determine legislative intent.  See in re Mo. Pac.
R.R. Co., 998 S.W.2d 212, 217 (Tex. 1999).  We must consider the statute as
a whole rather than its isolated provisions, and we should not give one
provision a meaning out of harmony or inconsistent with other provisions,
although it might be susceptible to such a construction standing alone.  Helena
Chem. Co., 47 S.W.3d at 493.  We must presume that the Legislature
intends an entire statute to be effective and that a just and reasonable result
is intended.  Id.  Moreover, we should avoid statutory construction that
renders any part of the statutory language meaningless.  See City of LaPorte
v. Barfield, 898 S.W.2d 288, 292 (Tex. 1995).  Finally, we are instructed
that if a general provision of a statute irreconcilably conflicts with a
special provision, the special provision prevails as an exception to the
general provision.  See Tex. Gov=t Code Ann. ' 311.026 (b) (Vernon 2005); Bradley
v. State ex. rel. White, 990 S.W.2d 245, 251 (Tex. 1999) (Abbot J.,
concurring) (stating that when an irreconcilable conflict occurs between a
general and a special statutory provision, the special provision prevails as an
exception to the general provision).  

Accordingly, I would deny the petition for
writ of mandamus and remand for further proceedings in the trial court.  

 

 

 

 

 

/s/        Charles W. Seymore

Justice

 

 

Judgment rendered
and Opinion filed February 7, 2008.

Panel consists of
Justices Yates, Seymore, and Guzman. (J., Yates files majority).









[1]Tex.
Prop. Code Ann. '
27.001 et. seq. (Vernon 2000 & Supp. 2007).





[2]The Legislature amended this definition effective
September 1, 2007.  See Tex. Prop. Code Ann. ' 27.001(5) .  However, Roberts and Wells Roofing
entered into their contract in 2005, and the pre-amendment definition applies. 
See Act of June 15, 2007, 80th Leg. R.S., ch 750 ' 3, 2007 Tex. Gen. Laws 1554.





[3]The Legislature likewise amended this definition
effective September 1, 2007, See Tex. Prop. Code Ann. ' 401.003(a).  However, the pre-amendment definition
applies. See Act of June 15, 2007, 80th Leg., R.S., ch. 843 ' 57, 2007 Tex. Gen. Laws 1768.





[4]Tex.
Gov=t Code Ann. ' 311.001 et. seq.
(Vernon 2005)