**L. E. MOORE, Appellant,**

v.

**Vernon BARTLEY, Director, State Workers Compensation Division, State of Texas, Appellee.**

**No. 12634.**

Court of Civil Appeals of Texas, Austin.

Nov. 23, 1977.

Tony Korioth, Austin, for appellant.

John L. Hill, Atty. Gen., Jim R. Weaver, Asst. Atty. Gen., Austin, for appellee.

SHANNON, Justice.

This is a workmen's compensation case. The question is whether Tex.Rev.Civ.Stat. Ann. art. 8309g, the statute creating workmen's compensation coverage for most State employees, was in effect on the date of the workman's injury.

L. E. Moore, appellant, was injured on March 30, 1975, while working as an employee for the Travis State School. After trial upon an agreed statement of facts, the district court of Travis County entered a take-nothing judgment. We will affirm that judgment.

Article 8309g was enacted May 15, 1973. Section 16 of art. 8309g provides:

"An employee is not entitled to benefits under this article unless the accident causing his injury occurs at least 90 days after the effective date of this article."

Section 21 of the 1973 Act provides in part that:

". . . Section 16 [enacting art. 8309g] takes effect on the first day that money becomes available for its administration, pursuant to legislative appropriation . . ."

Money was appropriated for the implementation of art. 8309g by Tex.Laws 1975, ch. 55, at 119, on April 18, 1975. Section 1 of ch. 55 appropriated $264,740 to the Attorney General to administer art. 8309g. Section 2 of ch. 55 appropriated $1,261,854 for the payment of claims pursuant to art. 8309g. Section 3 of ch. 55 recognized that there was no system for administering art. 8309g and no funds for payment of claims pursuant to art. 8309g.

Ninety days after April 18, 1975, the date money became available for the administration of art. 8309g, was July 18, 1975. Injuries sustained on or after July 18, 1975, are compensable under art. 8309g. Accordingly, appellant's injury, which occurred on March 30, 1975, is not compensable.

Appellant argues that a legislative transfer of $50,000 to the Attorney General's Operating Fund from the Workmen's Compensation Fund No. 94 effective September 1, 1974, was the legislative appropriation referred to in § 21. Tex.Laws 1973, ch. 659, at 1786. As a result, appellant claims, ninety days thereafter art. 8309g became effective. We do not agree. The transfer of $50,000 did not constitute an appropriation to pay claims as contemplated by § 21, but instead the purpose of the transfer of $50,000 most probably was to enable the Attorney General to better represent the Industrial Accident Board and to prepare for the initiation of the new State Employees' Workmen's Compensation Program. See Tex.Att'y.Gen.Op. No. H-524 (1975).

The judgment is affirmed.

Affirmed.