DIRECTOR, STATE EMPLOYEES
WORKERS' COMPENSATION
DIVISION, State of Texas, Appellant,

v.

Roland BASS, Appellee.

No. 09 85 072 CV.

Court of Appeals of Texas,
Beaumont.

Jan. 16, 1986.

Edward H. Moore, Asst. Atty. Gen., Austin, for appellant.

Joe Bob Golden, Jasper, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from a workers compensation case involving a state employee and construing *TEX.REV.CIV.STAT.ANN. art. 8309g, sec. 12(a)* (Vernon Supp.1985).

Roland Bass was injured on June 7, 1983, while working as a game warden for the Texas Parks and Wildlife Department. The jury found Mr. Bass had suffered an on-the-job injury which was a producing cause of total and permanent incapacity as of the date of the injury. The jury further found that he had incurred past medical expenses in the amount of $8,912.00. As a result of the jury's findings, the trial court entered judgment in favor of Mr. Bass for the sum of $14,620.11 for accrued compensation and interest thereon, namely, 78 weeks of accrued compensation at the rate of $182.00 per week with interest at a rate of 4% per annum on each payment; an additional 323 weeks of payments in a lump sum, being $52, 153.28 after the proper discount and the $8,912.00 in medical expenses, for a total judgment of $75,685.39. The State appeals bringing forth two points of error.

The first point of error alleges the trial court erred in denying the State's motion to modify the judgment. The State in its motion to modify urged that under *art. 8309g, sec. 12(a), supra,* Mr. Bass was not entitled to workers compensation payments for the period of time he was receiving sick leave payments. The trial court denied the motion. The article states:

Effect of sick leave and emergency leave

Sec. 12. (a) An employee may elect to utilize accrued sick leave before receiving weekly payments of compensation. If the employee elects to utilize sick leave, the employee is not entitled to weekly payments of compensation under this article until he has exhausted his accrued sick leave.

It is undisputed Mr. Bass elected to utilize his sick leave as evidenced by the following excerpt:

"Q You stated earlier that Mr. Tisdale told you that you needed to take your sick leave; is that correct?

"A No, sir, he didn't tell me to take it. He advised me that if I took sick leave that I would get my monthly salary. And if I elected to take Workers Comp, then I would not get my monthly salary.

"Q So you understood that you had a choice between the two; didn't you?

"A  Yes, sir, I did.

"Q  And you decided that you would take the sick leave; is that correct?

"A  That's correct.

"Q  In fact, you filled out a little form that spelled that option out to you. And it says that you wanted the election you're making and you signed that form. Do you recall doing that?

"A  Yes, sir, I do."

As a result of the jury's answers, a court must prepare a judgment in a workers compensation case. Here the court proceeded in accordance with *article 8306, sec. 10(b),* and entered judgment for 401 weeks of compensation payments from the date of injury. This amounted to the 78 weeks from the injury to the trial and 323 weeks in the future. The question presented by the state is whether or not the trial court should have excluded that period when Mr. Bass was utilizing his sick leave.

Mr. Bass urges that no other situation allows for such an offset and cites several cases where no offset has been allowed. None of the cases cited involve a state employee or *article 8309g.* Workers compensation for state employees is a legislative device. *Article 8309g* was enacted May 15, 1973; it did not become effective, however, until July 18, 1975. *See Moore v. Bartley,* 559 S.W.2d 129 (Tex.Civ.App.—Austin 1977, no writ). The original section 12(a) stated:

> An employee is not entitled to weekly payments of compensation under this article until he has exhausted his accrued sick leave. TEX.REV.CIV.STAT.ANN. art. 8309g, § 12(a) (Vernon Supp.1979).

Thus, under the original statute, an employee had no election. Under the current statute, an employee may elect to utilize sick leave, but is not entitled to weekly payments of workers compensation until the sick leave is exhausted. The current statute does not seem ambiguous or confusing. When read in conjunction with *article 8306,* which requires the period covered by the compensation be from the date of

injury, then the overlapping period must be excluded. Mr. Bass was not entitled to an award of compensation payments until he had exhausted his sick leave. This point of error is sustained.

The state's other point of error alleges the trial court erred in refusing to give an instruction on sole cause. *TEX.R.CIV.P. 277.* To be entitled to the submission of a sole cause instruction, there must be pleadings and evidence to support such a submission. *Charter Oak Fire Ins. Co. v. Taylor,* 658 S.W.2d 227 (Tex.App.—Houston [1st Dist.] 1983, no writ). Here the trial judge found there was not sufficient evidence to raise the issue of sole cause. We have reviewed all the evidence and concur with the trial court. Point of error number two is overruled.

The cause is remanded [1] to the trial court with instructions to reform the judgment by awarding only those weekly compensation payments after the date the sick leave was exhausted.

REVERSED IN PART AND REMANDED.

---

1.  Upon remand, the trial court must determine when the accrued sick leave was exhausted, as opposed to the vacation, compensation time, etc.