**SOUTHWEST TEXAS STATE UNIVERSITY, Appellant,**

v.

**Ezekiel ENRIQUEZ, Appellee.**

**No. 03–97–00607–CV.**

Court of Appeals of Texas, Austin.

May 29, 1998.

Rehearing Overruled Aug. 13, 1998.

---

**1.** This Rule is identical to Texas Rule of Criminal Evidence 803(4).

JONES, Justice.

Appellee, Ezekiel Enriquez, sued appellant, Southwest Texas State University ("SWT"), claiming he had been fired in retaliation for filing a workers' compensation claim. *See* Tex. Lab.Code Ann. §§ 451.001–.003 (West 1996) ("Anti–Retaliation Law"). SWT filed a motion for summary judgment seeking dismissal based on sovereign immunity. The trial court denied the motion. We will vacate the trial court's order and dismiss the cause.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1989, Enriquez filed a workers' compensation claim for a herniated disc. After returning to work, he served as a custodial crew supervisor until October 1, 1992. On that date, Enriquez was terminated by SWT. Enriquez asserts that he was terminated in retaliation for filing a workers' compensation claim. SWT asserts that he had failed to satisfactorily perform his job.

Enriquez filed suit against SWT on September 30, 1994 under the Anti–Retaliation Law.[1] In its motion for summary judgment, SWT asserted that the court did not have jurisdiction to hear the case due to sovereign immunity. The trial court denied the motion. The state perfected an interlocutory appeal asserting that the trial court erred in failing to dismiss for lack of jurisdiction. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (West Supp.1998).

## DISCUSSION

 In general, state universities, as agencies of the State of Texas, are protected from liability (and suit) by sovereign immunity. *See Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976). The legislature may waive the state's immunity, but it must do so by clear and unambiguous language. *Duhart v. State*, 610 S.W.2d 740, 742 (Tex. 1980). SWT asserts that the legislature has

Stephanie H. Guerra, Asst. Atty. Gen., Austin, for Appellant.

Darryl W. Pruett, Austin, for Appellee.

Before YEAKEL, C.J., and ABOUSSIE and JONES, JJ.

---

1. Enriquez's claim was filed under Tex.Rev.Civ. Stat. Ann. art 8307c, Act of April 22, 1971, 62d Leg., R.S., ch. 115, 1971 Tex. Gen Laws 884, (repealed by Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 5, 1993 Tex. Gen. Laws 987, 1273 and codified at Tex. Lab.Code Ann. § 451.001–.003 (West 1996)). The codification was nonsubstantive. Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 6, 1993 Tex. Gen. Laws 987, 1273. We will cite to the current code for convenience.

not clearly and unambiguously waived the immunity of state agencies for suits brought under the Anti–Retaliation Law.

■ An order denying summary judgment will be reversed if it is shown that the movant is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). Statutory construction is a question of law. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). The issue here is whether the relevant statutes reveal a clear and unambiguous waiver of state agencies' immunity from liability.

■ In *City of LaPorte v. Barfield,* 898 S.W.2d 288, 299 (Tex.1995), the Texas Supreme Court decided that the legislature had waived sovereign immunity for actions brought under the Anti–Retaliation Law against political subdivisions. The court's analysis is instructive in the present case. In *Barfield,* the court first concluded that the Anti–Retaliation Law itself did not contain an express waiver of sovereign immunity. *Id.* at 294. The court therefore looked to the statute concerning political subdivisions ("Political Subdivisions Law") for such a waiver. *See* Tex. Lab.Code Ann. §§ 504.001–.073 (West 1996). While noting that the Political Subdivisions Law "adopted" the Anti–Retaliation Law, the court held that the mere adoption of a provision of one statute into another did not clearly and unambiguously waive sovereign immunity. *See Barfield,* 898 S.W.2d at 295. Moreover, the operative word in the Anti–Retaliation Law is "person." [2] The court pointed out that even though the Political Subdivision Law expressly equated political subdivision with "employer," it did not equate political subdivision with "person." *See* Labor Code § 504.002(b). Without that equation, the court found it "not entirely clear whether the Legislature intended to prohibit political sub-

divisions from retaliatory discharge." *Barfield,* 898 S.W.2d at 298.

The court then addressed an election-of-remedies provision in the Political Subdivisions Law. *See* Labor Code § 504.003. Under this section, a plaintiff must choose between an action for wrongful discharge under the Anti–Retaliation Law and an action under the Texas Whistleblower Act, Tex. Gov't Code Ann. §§ 554.001–.010 (West 1994 & Supp.1998). *See Barfield,* 898 S.W.2d at 298. Because immunity is expressly waived for actions under the Whistleblower Act, *see* Gov't Code § 554.0035 (West Supp.1998), the requirement of an election suggested to the court that immunity must be waived for the Anti–Retaliation Law as well. *Barfield,* 898 S.W.2d at 298. Otherwise, providing for an election would have been nonsensical. *Id.* "This election-of-remedies provision ... persuades us, in the end, that the Legislature must have intended to waive political subdivisions' immunity for liability imposed by the Anti–Retaliation Law." *Id.*[3]

In *Barfield* the supreme court addressed whether the legislature waived sovereign immunity for actions against *political subdivisions* for violating the Anti–Retaliation Law. In the present case, we are asked to decide whether the legislature waived sovereign immunity for actions against *state agencies* for violating the Anti–Retaliation Law. While political subdivisions are the subject matter of chapter 504 of the Labor Code, state agencies are addressed in chapter 501.

■ Enriquez directs our attention to a similarity between chapter 504 and chapter 501: while the Political Subdivisions Law (chapter 504) states that "'employer' means 'political subdivision,'" chapter 501 states that "the individual state agency shall be considered the employer." Labor Code §§ 504.002(b), 501.002(b). As discussed above, however, the supreme court held in *Barfield* that the operative word in the Anti–

---

2. "A person may not discharge or in any other manner discriminate against an employee because the employee has: (1) filed a workers' compensation claim in good faith...." Labor Code § 451.001.

3. In a recent case from the Houston Fourteenth Court of Appeals, the court held that before the

1989 addition of the election-of-remedies provision, the Political Subdivisions Law did not contain language that would have waived sovereign immunity for counties for violations of the Anti–Retaliation Law. *See Harris County v. Louvier,* 956 S.W.2d 106, 109 (Tex.App.—Houston [14th Dist.] 1997, no pet.).

Retaliation Law is "person," not "employer." 898 S.W.2d at 298. In light of *Barfield*, we do not find the similarity addressed by Enriquez substantial enough to constitute the clear and unambiguous language needed to conclude that the legislature has waived sovereign immunity.

The El Paso Court of Appeals recently addressed this precise issue and concluded that chapter 501 does not waive sovereign immunity for suits against state agencies under the Anti–Retaliation Law. *See Texas Dep't of Health v. Ruiz*, 960 S.W.2d 714, 719 (Tex.App.—El Paso 1997, pet. denied). In *Ruiz*, the court noted that the election-of-remedies provision in the Political Subdivisions Law is not present in chapter 501. *Id.* at 716. The court reasoned that the holding in *Barfield*—that the 1989 version of the Political Subdivisions Law contained a waiver of sovereign immunity—was based solely on the presence of an election-of-remedies provision that was irreconcilable with a legislative intent not to waive sovereign immunity. Because chapter 501 does not contain such a provision, the *Ruiz* court concluded that chapter 501 does not contain a clear and unambiguous waiver of sovereign immunity for state agencies. *Id.* at 717. The court also noted that the supreme court decided that the 1981 version of the Political Subdivisions Law contained a limited waiver of immunity based on language having no counterpart in Chapter 501. *See Barfield*, 898 S.W.2d at 296–97.[4] Furthermore, the *Ruiz* court listed numerous examples of statutes in which legislative intent is clear. *Ruiz*, 960 S.W.2d at 717–19. The court concluded that the legislature failed to waive sovereign immunity with clear and unambiguous language. *Id.* at 719. We agree with the El Paso court that, based on the supreme court's analysis in *Barfield*, the legislature has not clearly and unambiguously waived the immunity of state agencies for anti-retaliation actions under chapter 501.

 Finally, Enriquez points to two Texas Attorney General opinions concluding that the State is not immune from liability in a case involving workers' compensation retaliation. *See* Op. Tex. Att'y Gen. No. JM–941 (1988); Op. Tex. Att'y Gen. No. JM–227 (1984). Courts give due consideration to attorney general opinions where appropriate, but they are certainly not binding on the courts. *See Rainbow Group, Ltd. v. Texas Employment Comm'n*, 897 S.W.2d 946, 949 (Tex.App.—Austin 1995, writ denied). The cited opinions were issued before the *Barfield* and *Ruiz* decisions, and we do not find them persuasive.

### CONCLUSION

We vacate the order of the district court and dismiss the cause for lack of jurisdiction. Tex.R.App. P. 43.2(e).

---

4. The operative language in the 1981 version was that the Anti–Retaliation Law applied to political subdivisions "if the city provides by Charter or ordinance for ultimate access to the district court for wrongful discharge." *See* Act of May 31, 1981, 67th Leg, R.S., ch. 352, § 3, 1981 Tex. Gen. Laws 937, 937–38.