Rose M. FERNANDEZ, Appellant,

v.

KERRVILLE STATE HOSPITAL, Appellee.

No. 04–97–00387–CV.

Court of Appeals of Texas, San Antonio.

Nov. 12, 1998.

Kenneth W. Howell, John Gonzales & Associates, P.C., San Antonio, for Appellant.

David Grant Halpern, Asst. Atty. Gen., Tort Litigation Division, Austin, for Appellee.

Before PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice and KAREN ANGELINI, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

The issue presented is whether the Texas Legislature has waived immunity from suit under the Anti–Retaliation Law for the state agencies covered by chapter 501 of the Texas Labor Code. We hold immunity has been waived and therefore reverse the trial court's judgment dismissing this suit for lack of jurisdiction and remand the case to that court for further proceedings.

### Factual and Procedural Background

For purposes of a plea to the jurisdiction, we take the factual allegations in the plaintiff's petition as true. *Brannon v. Pacific Employers Ins. Co.*, 148 Tex. 289, 224 S.W.2d 466, 469 (1949). Therefore, for purposes of this appeal, the material facts are undisputed.

Shortly after Rose M. Fernandez received a lump-settlement of her workers' compensation claim in 1992, Kerrville State Hospital terminated her employment. Fernandez sued, alleging the Hospital terminated her employment because she filed a workers' compensation claim. In response, the Hospital moved to dismiss Fernandez' suit because, it argued, it is immune from suit. The trial court agreed and dismissed Fernandez' suit for lack of jurisdiction.

### Standard of Review

"Interpretation of a statute is a pure question of law over which the [trial] judge has no discretion." *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997). We therefore review the trial court's conclusion that the Hospital is immune from suit de novo.

## DISCUSSION

■ Kerrville State Hospital provides workers' compensation coverage to its employees under what is now codified as chapter 501 of the Texas Labor Code and which we refer to as the State Applications Act. TEX. LAB.CODE ANN. § 501.021 (Vernon 1996). Fernandez alleges the Hospital terminated her employment in violation of the Anti–Retaliation Law, which provides in relevant part:

A person may not discharge or in any other manner discriminate against an employee because the employee has:

(1) filed a workers' compensation claim in good faith;

(2) hired a lawyer to represent the employee in a claim;

(3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or

(4) testified or is about to testify in a proceeding under Subtitle A.

TEX. LAB.CODE ANN. § 451.001 (Vernon 1996).[1] Under the Anti–Retaliation Law, a private employer may be held liable for damages. *See, e.g., Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444 (Tex.1996). However, the Hospital is not a private employer but a state agency. TEX. HEALTH & SAFETY CODE ANN. § 532.001(b)(4) (Vernon Supp. 1998). Consequently, the Hospital is immune from suit unless immunity has been waived by the Texas Legislature. *E.g., Federal Sign v. Texas S. Univ.,* 951 S.W.2d 401 (Tex.1997).

Whether state agencies encompassed by the State Applications Act are immune from suit under the Anti–Retaliation Law has not yet been addressed by the Supreme Court of Texas. However, the court extensively analyzed the immunity issue in the related context of the Political Subdivisions Law in *City of LaPorte v. Barfield,* 898 S.W.2d 288 (Tex. 1995), and it later affirmed the *Barfield* analytical model and holdings in *Kuhl v. City of*

*Garland,* 910 S.W.2d 929 (Tex.1995) (per curiam). We therefore look to *Barfield* to guide our decision in this case.

### *Analytical Objective and Model*

In *Barfield,* the issue presented was whether the Texas Legislature waived political subdivisions' sovereign immunity from suit under the Anti–Retaliation Law. *Barfield,* 898 S.W.2d at 291. Resolving this issue at a superficial level would have been an easy task. As the court recognized, the Legislature has never expressly stated "immunity for retaliatory discharge claims is waived." *Id.* at 292. However, the court also recognized that "[l]egislative intent remains the polestar of statutory construction," and the Legislature "used language [in the Political Subdivisions Law] strongly suggesting a waiver of immunity in contexts in which any other intention is hard to discern." *Id.* Faced with a mechanistic rule, on the one hand, and the polestar of legislative intent on the other, the court harmonized the two rules, holding "perfect clarity" is not required, "even in determining whether governmental immunity has been waived," "[i]f a statute leaves no reasonable doubt of its purpose." *Id.*

■ As illustrated by *Barfield,* therefore, our analytical objective in this case is to determine whether the State Applications Act leaves any reasonable doubt that the Texas Legislature intended to waive the covered state agencies' immunity from suits under the Anti–Retaliation Law. To decide this issue, we first follow *Barfield* in holding that neither the Anti–Retaliation Law nor the Texas Tort Claims Act waives immunity. *Id.* at 293–94. We must next determine whether the State Applications Act waives immunity. To do so, we follow the *Barfield* analytical model, first reviewing the history of workers' compensation in the context of state employees, *see id.* at 292–93, and then exploring the meaning of certain provisions in the 1981 and

---

1. Section 451.001 of the Texas Labor Code is a recodification of the Anti–Retaliation Law, which, at the time of Fernandez's termination, was codified at article 8307c, TEX REV.CIV. STAT. ANN. However, no substantive changes were intended when article 8307 was recodified in the Texas Labor Code. TEX. LAB.CODE ANN. § 1.001 (Vernon 1996). Therefore, subsequent references to the Anti–Retaliation Law as it existed at the time of Fernandez' termination will be to the Texas Labor Code.

1989 versions of the State Applications Act. *See id.* at 295–99.

### History of Workers' Compensation for State Employees

The first workers' compensation act was enacted in 1913. *Id.* at 292. But this act was not applied to governmental entities because it was held to run afoul of the constitutional prohibition on gratuitous payments of taxpayer funds for the benefit of private individuals. *See* GEORGE D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 285 (1977). This constitutional hurdle was overcome with a 1936 constitutional amendment expressly permitting the Legislature to provide workers' compensation for state employees. *Id.* at 285–86. The following year, the Legislature enacted article 6674s, which extended workers' compensation to highway department employees.[2] Coverage was later provided to certain employees of the Texas A & M University, University of Texas, and Texas Tech University systems.[3] The final step was taken in 1973, when the Texas Legislature extended coverage to all employees of the already-covered entities and enacted article 8309g, which covered all other state employees.[4]

### 1973 Version of the State Applications Act

■ Like the 1973 version of the Political Subdivisions Law at issue in *Barfield,* the 1973 version of the State Applications Act did not purport to adopt the Anti–Retaliation Law.[5] Therefore, like the *Barfield* Court, we hold the 1973 version of the State Applications Act did not waive the Hospital's immunity from suit under the Anti–Retaliation Law. *Barfield,* 898 S.W.2d at 294–95.

### The 1981 Version of the State Applications Act

The 1981 version of the Political Subdivisions Law expressly adopted the Anti–Retaliation Law.[6] However, the *Barfield* Court held "the adoption of the Anti–Retaliation Law accompanied by the definitions in section 3(b) [equating 'political subdivision' with 'association,' 'subscriber,' and 'employer'] does not express a clear intent to waive immunity." *Barfield,* 898 S.W.2d at 295. But the court nonetheless concluded "the inference of waiver in [the 1981 version of] the Political Subdivisions Law is unavoidable," *id.* at 297, because section 3(a)(5) adopted the Anti–Retaliation Law unless " 'the city provides by Charter or ordinance for ultimate access to the district court for wrongful discharge,' " *id.* at 295, and the court found "it is inconceivable that the Legislature intended to afford cities the option of either voluntarily waiving immunity by making a minimal remedy available by charter or ordinance, or suffering adoption of the Anti–Retaliation Law with no waiver of immunity." *Id.* at 296. Because the court was unable to discern any "sensible construction of section 3(a)(5)" if the Legislature had not waived immunity, the court concluded "the Legislature must have intended [in the 1981 version of the Political Subdivisions Law] to waive immunity for wrongful discharge for cities which did not waive immunity voluntarily." *Id.* at 296–97.

■ It was also in 1981 that the Legislature adopted the Anti–Retaliation Law in section 15 of the State Applications Act:

    (a) The following laws as amended or as they may hereafter be amended are adopted except to the extent that they are inconsistent with this Act:

---

2. Act of May 20, 1937, 45th Leg., R.S., ch. 502, 1937 Tex. Gen. Laws 1352; *see Johnson v. Willoughby,* 183 S.W.2d 201, 202 (Tex.Civ.App.— Fort Worth 1944, writ ref'd).

3. Act of May 7, 1947, 50th Leg., R.S., ch. 229, 1947 Tex. Gen. Laws 417; Act of May 10, 1951, 52d Leg., R.S., ch. 310, 1951 Tex. Gen. Laws 522; Act of May 6, 1957, 55th Leg., R.S., ch. 252, 1957 Tex. Gen. Laws 536; *see Matthews v. University of Texas,* 295 S.W.2d 270, 273 (Tex. Civ.App.—Waco 1956, no writ)

4. Act of May 10, 1973, 63d Leg., R.S., ch. 88, §§ 12–16, 1973 Tex. Gen. Laws 187, 194–98.

5. *See* Act of May 10, 1973, 63d Leg., R.S., ch. 88, § 17, 1973 Tex. Gen. Laws 187, 198–200.

6. Act of May 31, 1981, 67th Leg., R.S., ch. 352, § 3(a)(5), sec. 3, 1981 Tex. Gen. Laws 937, 937– 38.

. . .

    (5) [The Anti–Retaliation Law];

. . .

    (b) Wherever the words "association," "insurer," "subscriber," or "employer" are used in the adopted laws, the word "state," "division" or "director," whichever is applicable, is substituted for the purposes of this article.

    (c) For purposes of [the Anti–Retaliation Law], the individual agency shall be considered the employer.[7]

However, in accordance with *Barfield,* we conclude the mere adoption of the Anti–Retaliation Law in section 15(a)(5), accompanied by the general definitions in section 15(b) does not clearly establish a legislative intent to waive immunity because (1) adoption of one statute into another is not, by itself, a clear and unambiguous waiver of immunity, *Barfield,* 898 S.W.2d at 295; (2) the 1981 version of the State Applications Act also does not equate 'political subdivision' with "person," the term employed in the Anti–Retaliation Law, *see id.;* and (3) the adoption and general definition sections in the State Applications Act also have meaning regardless of whether the Legislature intended to waive immunity under the Anti–Retaliation Law. *See id.* at 292, 297 (holding perfect clarity is not required to establish waiver if a "statute leaves no reasonable doubt of its purpose" and therefore concluding the Legislature must have intended to waive immunity because it could discern "no other sensible construction" of section 3(a)(5) of the Political Subdivisions Law). But that still leaves us with section 15(c), in which the Legislature expressly designated the state agency as the employer for purposes of the Anti–Retaliation Law—and a logical dilemma much like the *Barfield* Court confronted with section 3(a)(5) of the 1981 version of the Political Subdivision Law.

As the *Barfield* Court recognized, the Anti–Retaliation Law prohibits discriminatory treatment by a "person," not by an "employer." *Id.* at 295. But the Anti–Retaliation Law also prohibits discriminatory treatment "against an employee." TEX. LAB.CODE ANN. § 451.001. And it is axiomatic that a "person" cannot discriminate against an "employee" unless the "person" is an "employer." *Stoker v. Furr's, Inc.,* 813 S.W.2d 719, 723 (Tex.App.—El Paso 1991, writ denied); *see Texas Mexican Ry. Co. v. Bouchet,* 963 S.W.2d 52, 56 (Tex. 1998) (holding the Anti–Retaliation Law was intended to apply only to "employees and employers who act under the Texas Workers' Compensation Act"); *Stewart v. Littlefield,* 982 S.W.2d 133, 135–37 (Tex. App.—Houston [1st Dist.] 1998, no pet. h.) (holding "person," for purposes of the Anti–Retaliation Law, includes only employers, not fellow employees). But who is the "employer" of a state employee—the State or the employing state agency? Section 15(c) answers this question by identifying the individual state agency as the "employer" and therefore the proper defendant in a suit under the Anti–Retaliation Law. But why would the Legislature specify the proper defendant in an Anti–Retaliation Law suit if it did not intend to waive the covered state agencies' immunity from this type of suit? Equally disconcerting, if the Legislature did not intend to waive immunity in the 1981 version of the State Applications Act, why did it adopt the Anti–Retaliation Law for most state employees but not for the employees of colleges and universities? *Compare* TEX. LAB.CODE ANN. §§ 501.002, 505.002, *with* TEX. LAB.CODE ANN. §§ 502.002, 503.002.

We are unable to explain these logical conundrums in the 1981 version of the State Applications Act other than by concluding the Legislature intended to waive the covered state agencies' immunity from suit under the Anti–Retaliation Law to the same limited extent it waived immunity under the 1981 version of the Political Subdivisions Law. *See Barfield,* 898 S.W.2d at 297 (holding the Legislature intended to waive immunity under the 1981 version of the Political Subdivisions Law only to the extent of liability for reinstatement and back pay). Our

---

7. Act of May 10, 1973, 63d Leg., R.S., ch. 88, § 16, sec. 15, 1973 Tex. Gen. Laws 187, 197–98, *amended by* Act of May 31, 1981, 67th Leg., R.S., ch. 352, § 1, § 2, sec. 15, 1981 Tex. Gen. Laws 937, 937.

conclusion regarding the 1981 version of the State Applications Act is supported by a similar analysis of the 1989 version.

### 1989 Version of the State Applications Act

■ In 1989, the Legislature again amended section 3 of the Political Subdivisions Law, this time adding one provision limiting an employee's action and recoverable damages to the actions and damage caps contained in the Texas Tort Claims Act and another precluding a wrongful discharge action under both the Anti–Retaliation Law and the Whistleblower Act. *Id.* The *Barfield* Court found the Tort Claims Act limitation "troubling," because "[i]t seems quite implausible that the Legislature would have allowed public employees compensation benefits since 1973, and then in 1989 would have greatly restricted those benefits to the very limited circumstances in which the Tort Claims Act waives immunity without any expression of intent to do so." *Id.* at 298. But it was the election-of-remedies provision that ultimately persuaded the court "the Legislature must have intended to waive political subdivisions' immunity for liability imposed by the Anti–Retaliation Law" in the 1989 version of the Political Subdivisions Law because "it would make little sense to require an employee to elect between an action barred by immunity and one not barred." *Id.*

Like the 1989 amendments to the Political Subdivision Law, the 1989 amendments to section 15 of the State Applications Act added a provision limiting an employee's action and damages to the action and damage caps contained in the Tort Claims Act:

> (b) *[The Anti–Retaliation Law] is adopted except to the extent it is inconsistent with this article. For purposes of that Act, the individual agency shall be considered the employer.*
>
> . . .
>
> (c) *Nothing in this Act or the Texas Workers' Compensation Act ... shall be construed to authorize causes of action or damages against the state or any agency, institution, board, department,*

*commission, or employee of the state beyond the actions and damages authorized by the Texas Tort Claims Act....*

> (d) Wherever the *word* [words "association,"] "insurer[,]" ["subscriber,"] or "employer" *is* [are] used in the adopted *law* [laws], the word "state," "division" or "director," whichever is applicable, is substituted for the purposes of this article.
>
> [(e) For purposes of [the Anti–Retaliation Law], the individual agency shall be considered the employer.] [8]

Like the *Barfield* Court, we simply cannot ignore the limitation contained in section 15(c). *See Barfield,* 898 S.W.2d at 299. If the Legislature did not intend to waive immunity to Anti–Retaliation suits, why would it have included a provision limiting an employee's actions and damages to those contained in the Tort Claims Act? Surely the Legislature did not intend to suddenly limit workers' compensation benefits to the damages contained in the Tort Claims Act. Like the supreme court, we read section 15(c) as "impos[ing] the same limits on damages recoverable against the governmental entities to which it applies for violations of the Anti–Retaliation Law." *Id.* As a result, we conclude the Legislature intended to waive the covered state agencies' immunity to suits under the Anti–Retaliation Act in the 1989 version of the State Applications Act. Our conclusion is buttressed by the Legislature's continuation of Section 15(e) of the 1981 act as section 15(b) of the 1989 act and that section's designation of the particular state agency as the "employer," and therefore the proper defendant, in a suit of this nature.

However, the Department insists that without "a corresponding election-of-remedies provision, the [State Applications Act] contains no clear and unambiguous expression of the Legislature's intent to waive the sovereign immunity of state agencies." We recognize the El Paso and Austin Courts of Appeals have so held. *See Southwest Texas*

---

8. *Compare* Act of Dec. 12, 1989, 71st Leg., 2d C.S., ch. 1, § 15.36, 1989 Tex. Gen. Laws 1, 106–07, (amendments to the Political Subdivision Law) *with* Act of Dec. 12, 1989, 71st Leg., 2d C.S., ch. 1, § 15.44, 1989 Tex. Gen. Laws 1, 111–12 (amendments to the State Applications Act).

*State Univ. v. Enriquez,* 971 S.W.2d 684, 686–87 (Tex.App.—Austin 1998, pet. denied); *Texas Dep't of Health v. Ruiz,* 960 S.W.2d 714, 717 (Tex.App.—El Paso 1997, pet. denied). However, both courts based this holding on their conclusion that the *Barfield* Court "found a waiver of immunity for political subdivisions *only* because of the election-of-remedies provisions" for which there are no counterpart in the State Applications Act. *Ruiz,* 960 S.W.2d at 716–17 (emphasis added); *see Enriquez,* 971 S.W.2d at 687 (emphasis added). But this is a reading of *Barfield* with which we simply cannot agree.

It was clearly not the presence of an election-of-remedies provision that caused the *Barfield* Court to conclude the 1981 version of the Political Subdivisions Law waived immunity from retaliatory discharge suits. Indeed, the 1981 version of the act did not even contain an election-of-remedies provision. Rather, the *Barfield* Court held immunity was clearly established by the proviso in section 3(a)(5), adopting the Anti–Retaliation Law only for those cities that did not provide their employees with "access to the district court for wrongful discharge" which was simply inexplicable unless the Legislature intended to waive political subdivisions' immunity to suits under the Anti–Retaliation Act. *Barfield,* 898 S.W.2d at 296–97. The court ascribed the same significance to the election-of-remedies provision in the 1989 version—it made no sense if the Legislature did not intend to waive immunity. *Id.* at 298. And this is precisely the situation we confront in construing the State Applications Act. If the Legislature did not intend to waive the covered state agencies' immunity from suits under the Anti–Retaliation Law, the provision designating the proper defendant in these suits, as well as the same Tort Claims Act limitation found in the 1989 version of the Political Subdivisions Law, are nonsensical surplusage. *See id.* at 292 ("We will not read statutory language to be pointless if it is reasonably susceptible of another construction.").

9. The 1989 version of the State Applications Act was recodified in 1993 as chapter 501 of the Texas Labor Code Act of May 12, 1993, 73d Leg.,

Conversely, while we find these provisions inexplicable if the Legislature did not intend to waive the covered state agencies' immunity from retaliatory discharge suits, we have little difficulty explaining the Legislature's 1989 addition of an election-of-remedies provision to the Political Subdivisions Law but not the State Applications Act. Unlike political subdivisions, the Legislature is able to control duplicative and excessive awards through the appropriations process required to pay judgments against state agencies. See *Texas Dep't of Human Serv. v. Green,* 855 S.W.2d 136, 145 (Tex.App.—Austin 1993, writ denied) (rejecting separation-of-powers challenge to punitive damages award because plaintiff "must still request a legislative appropriation to collect the damages awarded him").

We must therefore respectfully disagree with our sister courts' conclusion that the State Applications Act does not waive the covered state agencies' immunity from suit under the Anti–Retaliation Law. Instead we follow the supreme court's lead and, discerning no other plausible meaning of sections 15(b) and 15(c) in the 1989 version of the State Application Act, find the "inference of waiver" in the State Applications Act "is unavoidable." *Barfield,* 898 S.W.2d at 297. As a result, we hold (1) the Texas Legislature waived the covered state agencies' immunity from suit under the Anti–Retaliation Law in the 1989 version of the State Applications Act, and (2) because this version of the act governs Fernandez's suit, the trial court erred in concluding the Hospital's immunity had not been waived and therefore in dismissing Fernandez's suit for lack of jurisdiction.[9]

CONCLUSION

By including provisions designating the state agency as the proper defendant in a suit under the Anti–Retaliation Law and by limiting employees' causes of action and damages under the State Applications Act to those contained in the Tort Claims Act, the Texas Legislature left "no reasonable doubt"

R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1236–40.

that it intended to waive immunity from suit under the Anti–Retaliation Law for state agencies covered by chapter 501 of the Texas Labor Code. We therefore reverse the trial court's judgment dismissing Fernandez' suit for lack of jurisdiction and remand the case to that court for further proceedings consistent with this opinion.