Rogelio A. GONZALEZ, Appellant,

v.

TEXAS PARKS AND WILDLIFE DEPARTMENT, Appellee.

No. 04–97–00423–CV.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1998.

Douglas M. Becker, Monte L. Swearengen, Gray & Becker, P.C., Austin, Frank R. Nye, Jr., Law Offices of Frank R. Nye, Jr., Rio Grande City, for appellant.

Sherman Wesley Newell, Timothy Cox Anderson, Asst. Atty. Gen., Austin, for appellee.

HARDBERGER, RICKHOFF, and DUNCAN, JJ.

SARAH B. DUNCAN, Justice.

Rogelio A. Gonzalez appeals the trial court's dismissal of his case for want of jurisdiction on the ground that state-agency immunity has been waived for purposes of anti-retaliation claims. We agree and therefore reverse the judgment and remand the case for proceedings on the merits.

**Factual and Procedural Background**

■ When dealing with a plea to the jurisdiction, "we take the factual allegations in the plaintiff's petition as true." *Fernandez v. Kerrville State Hospital*, 985 S.W.2d 121 (Tex.App.—San Antonio, 1998, no pet. h.) (citing *Brannon v. Pacific Employers Ins. Co.*, 148 Tex. 289, 224 S.W.2d 466, 469 (1949)). "Therefore, for purposes of this appeal, the material facts are undisputed." *Id.*

Gonzalez attempted to bring a workers' compensation claim for injuries suffered while working for TPWD, but was discouraged from doing so by his supervisor. When Gonzalez later made a second request to file a workers' compensation claim, he was effectively prevented from doing so by his supervisor who had already reported the incident non-job related. After the incident, Gonzalez was placed on a year's leave without pay. When he returned, he was not allowed to do the light-duty work his doctor recommended and he received pressure to take early retirement. Gonzalez sued, claiming TPWD terminated him and otherwise discriminated against him because of his pursuit of a workers' compensation claim. Subsequently, TPWD moved to dismiss Gonzalez' suit based on sovereign immunity. The trial court agreed and dismissed the suit for want of jurisdiction.

**Discussion**

■ TPWD is immune from suit unless the Texas Legislature has waived immunity. *Fernandez*, at 121. Here, the trial court ruled TPWD was immune from a suit brought under the Anti–Retaliation Law. *See* TEX.LAB.CODE ANN. § 451.001 (Vernon 1996). However, as this court recently held in *Fernandez*, "the Texas Legislature left 'no reasonable doubt' that it intended to waive immunity from suit under the Anti–Retaliation Law for state agencies covered by chapter 501 of the Texas Labor Code." *Fernandez*, at 127–28; *see* TEX.LAB.CODE ANN. ch. 501. Because TPWD is an agency under chapter 501 of the Texas Labor Code, *see* TEX.LAB.CODE ANN. § 501.001(6); *see, e.g., Director, State Employees Workers' Compensation Div. v. Bass,* 703 S.W.2d 397 (Tex.App.—Beaumont 1986, no writ), it is not immune from suit under the Anti–Retaliation Law.

We therefore reverse the trial court's judgment and remand the case for proceedings on the merits.