# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-05-00007-CV

---

**State of Texas, Appellant**

**v.**

**Barbara Oakley, as Guardian of the Estate and Person of
Richard Danziger, A Disabled Adult, Appellee**

---

**FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
NO. 75107C, HONORABLE GUY HERMAN, JUDGE PRESIDING**

---

### D I S S E N T I N G  O P I N I O N

Because I disagree with the majority's determination that Ochoa's wrongful imprisonment claim can be assigned to Danziger, I respectfully dissent.

In this case, we must start with the premise that Texas cannot "be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Hosner v. De Young*, 1 Tex. 764, 769 (1847), quoted in *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 (Tex. 2003). The State may relinquish its sovereign immunity, if at all, in "varying degrees," and the legislature "is better suited to balance the conflicting policy issues associated with waiving immunity." *Wichita Falls*, 106 S.W.3d at 695. I believe that the question of whether assignment is a necessary extension of the right created by this statute involves policy considerations better left for the legislature. Further, because the legislature may waive immunity in "varying degrees," the

legislature's waiver of immunity as to "the person entitled" to relief after wrongful imprisonment does not necessarily mean that the legislature also intended to waive immunity as to someone purportedly holding an assignment of that right.[1]

The State is immune both from suit and from liability, and even if the State "acknowledges liability on a claim," it does not necessarily follow that the State waived immunity from suit. *Id*. at 696. In evaluating whether immunity has been waived, we consider several factors. *Id.* at 697. First, waiver must be "beyond doubt." *Id*. Second, we resolve ambiguities in favor of immunity, and if the statute leaves room for doubt, we "are less likely to find a waiver." *Id*. Third, we must consider whether the legislature provided by statute for an "objective limitation on the State's potential liability." *Id*. at 698.

Even if immunity from suit is waived, it is important to remember that the rule requiring a clear and unambiguous waiver applies both to the existence and to *the extent of the waiver*.[2] *City of LaPorte v. Barfield*, 898 S.W.2d 288, 297 (Tex. 1995); *see Wichita Falls*, 106 S.W.3d at 696. However, "[t]he clear and unambiguous requirement is not an end in itself, but merely a method to guarantee that courts adhere to legislative intent. Therefore, the doctrine should not be applied mechanically to defeat the true purpose of the law." *Kerrville State Hosp. v.*

---

[1] The majority cites several cases for the proposition that in the face of statutory silence, we should look to common-law principles governing assignment. *See PPG Indus., Inc. v. JMB/Houston Ctrs, Partners Ltd. P'ship*, 146 S.W.3d 79, 87 (Tex. 2004); *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 927 (Tex. 1998); *Jackson v. Thweatt*, 883 S.W.2d 171, 175 (Tex. 1994). None of those cases, however, deals with sovereign immunity.

[2] The legislature ratified this concept when it enacted section 311.034 of the Code Construction Act, providing that there is no waiver unless "effected by clear and unambiguous language." Tex. Gov't Code Ann. § 311.034 (West Supp. 2005).

*Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). In other words, we cannot apply the "clear and unambiguous rule" so rigidly as to defeat the "almost certain intent" of the legislature. *Id*. (quoting *Barfield*, 898 S.W.2d at 292). We may not interpret statutory language so as to render it pointless if it is reasonably susceptible of another construction, and if there is no reasonable doubt of a statute's purpose, "we will not require perfect clarity, even in determining whether governmental immunity has been waived." *Barfield*, 898 S.W.2d at 292.

In *Wichita Falls*, the statutes in question seemingly added up to the State being amenable to suit.[3] *See* 106 S.W.3d at 698-99. However, the statute did not "contain the sort of explicit language the Legislature generally uses to confirm its intent to waive sovereign immunity," and therefore the supreme court examined the statute to decide whether "the incorporated definition is the functional equivalent of an explicit" legislative waiver. *Id*. at 699. The court observed that the statute creates a "meaningful cause of action against private" facilities that "remains viable even if suit against the government is barred" and that the statute's purpose is accomplished without allowing suits against the State. *Id*. at 700. Therefore, the court determined that the statute "does not waive the State's immunity beyond doubt" and that "[t]he statute's ambiguity precludes our finding an unmistakable Legislative intent to waive sovereign immunity." *Id*. at 700-01.

---

[3] The plaintiff sued a state hospital, part of the Texas Department of Mental Health and Mental Retardation ("MHMR"), for violations of the patient's bill of rights. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 (Tex. 2003); *see* Tex. Health & Safety Code Ann. 321.002, .003 (West 2001) (persons harmed by violation of patient's bill of rights may sue for damages). Although the bill of rights does not expressly define "mental health facilities," it uses "the meaning assigned by Section 571.003." Tex. Health & Safety Code Ann. § 321.001(4) (West 2001). "Mental health facility" is defined by section 571.003 to include facilities operated by MHMR. *Id*. § 571.003(12) (West Supp. 2005).

In this case, section 103.001 of the civil practice and remedies code provides that a person is entitled to compensation for wrongful imprisonment if "the person has served in whole or in part a sentence in prison" and has either received a full pardon or been granted relief on the basis of actual innocence. Tex. Civ. Prac. & Rem. Code. Ann. § 103.001(a) (West 2005). A "person seeking compensation under" chapter 103 must initiate proceedings to obtain relief no later "than the third anniversary of the date the person received the pardon or was found not guilty." *Id.* § 103.003 (West 2005). Subchapter C governs the seeking of compensation through suit against the State, and its provisions require a claimant to file "a verified petition alleging that the petitioner is entitled to compensation." *Id.* § 103.101(b) (West 2005). A "petitioner must establish by a preponderance of the evidence that the petitioner is entitled to compensation," *id.* § 103.102 (West 2005), and if the fact-finder determines that the petitioner is entitled to relief, the petitioner may recover expenses "incurred by the petitioner" related to the criminal proceedings, income lost as a direct result of the wrongful imprisonment, and medical and counseling expenses "incurred by the petitioner." *Id.* § 103.105(a) (West 2005). In determining the proper amount of compensation, the fact-finder may not deduct any expenses incurred by the State "in connection with the arrest, prosecution, conviction, and wrongful imprisonment of the petitioner." *Id.* § 103.105(b). Payments terminate if the eligible person is later convicted of a felony or "on the date of the person's death"; compensation payments do not flow to the person's heirs or estate. *Id.* § 103.154 (West 2005).

I set out the applicable statutory provisions to highlight the fact that each statute is couched exclusively in terms of the wrongfully convicted person. There is no mention of assignment, nor is this statute one that is rendered meaningless without a finding of waiver as to an

4

assignee. *See Wichita Falls*, 106 S.W.3d at 698, 700; *Fernandez*, 28 S.W.3d at 3. I agree with the majority that the legislature has shown a clear and unmistakable intent to waive immunity for a person who has wrongfully "served in whole or in part a sentence in prison." Tex. Civ. Prac. & Rem. Code Ann. § 103.001(a). However, the legislature has not shown a clear intent to allow that right of action and corollary waiver of immunity to be transferred to another person.[4] Compensation under chapter 103 may be had only upon application or petition *by the convicted person* and, although this chapter contains a clear waiver of immunity from suit *when an entitled person files a verified petition*, it only allows for recovery by the injured person. The claimant must aver that he or she was entitled to compensation, and there is no indication of any intent to allow others to seek compensation for the imprisoned person's damages. More important, compensation ceases upon the claimant's death and does not survive to pass to his or her heirs. This clearly demonstrates that the legislature intended claims made under this chapter to be personal in nature and limited to the wrongfully imprisoned person. To widen the legislature's waiver of immunity and graft more liberal common-law principles onto these statutes flies in the face of established sovereign immunity law.

Furthermore, I believe the majority impermissibly melds the definition of a "personal" claim with the question of whether available damages are remedial or punitive, two aspects of a claim that I believe are separate inquiries. I recognize that the compensation allowed under chapter 103 is remedial in nature and that punitive damages are not allowed. However, that does not change the fact that the injury being addressed could hardly be more personal in nature or that every

---

[4] In its discussion of *Wichita Falls* and the waiver of immunity made the subject of that case, the majority fails to draw this distinction between waiver as to the wronged person and an assignee.

provision of chapter 103 is expressly limited to the wrongfully imprisoned person him or herself. Although the general rule does allow for the assignment of most claims, as stated in *Bay Ridge Utility District v. 4M Laundry*, "in the absence of an express statutory provision to the contrary, a statutory cause of action is not assignable if it is personal to the one who holds it and would not survive his death." 717 S.W.2d 92, 96 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (citing *Dearborn Stove Co. v. Caples*, 236 S.W.2d 486, 490 (Tex. 1951)).

The express language of chapter 103 shows a legislative intention that claims under chapter 103 be considered personal claims, albeit personal claims with relief limited to remedial compensation. Because chapter 103 claims are personal in nature and do not survive the claimant's death, under *Bay Ridge* and *Dearborn Stove*, I would hold that chapter 103 claims are not assignable and may only be filed by the wrongfully imprisoned person him or herself.

I believe that the majority's allowance of the assignment impermissibly broadens the waiver of immunity beyond the legislature's intentions. Further, I would hold that Ochoa's claim under chapter 103 is a personal claim and, because it cannot survive his death, I would hold that it may not be assigned to another party. For these reasons, I respectfully dissent.

_____

David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Filed: December 16, 2005

6