**Reversed and Rendered and Memorandum Opinion filed September 1, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00371-CV

---

## HARRIS COUNTY, TEXAS, Appellant

## V.

## PAUL DAVIDSON, Appellee

---

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2020-81432**

---

## MAJORITY OPINION

In this interlocutory appeal appellant Harris County appeals the trial court's order denying its motion for summary judgment asserting that the trial court did not have subject-matter jurisdiction over appellee Paul Davidson's Whistleblower Act claim. *See* Tex. Gov't Code § 554.003 (providing cause of action state or local government to public employee who has been suspended or terminated for reporting violation of law by his employer or another public employee). We conclude that because Davidson failed to timely file his Whistleblower Act

lawsuit, the trial court erred when it denied Harris County's motion for summary judgment. We therefore reverse the trial court's order and render judgment dismissing Davidson's suit against Harris County for lack of subject-matter jurisdiction.

## BACKGROUND

Davidson was a captain in the Harris County Sheriff's Department assigned to the Joint Processing Center. Davidson was terminated on December 10, 2019. According to Harris County, Davidson was terminated for violating Harris County's Use of Force policies. Davidson, on the other hand, alleged that Harris County terminated him because he reported illegal activity committed by a co-worker. Davidson appealed his termination to the Harris County Civil Service Commission. The commission issued its ruling upholding Davidson's termination for violating the Use of Force policy on February 11, 2020. Davidson did not appeal the commission's decision to district court. *See* Tex. Loc. Gov't Code § 158.037 (permitting appeal of civil service commission decision within thirty days of decision).

Davidson filed his lawsuit against Harris County alleging claims under the Whistleblower Act on December 18, 2020.[1] Harris County eventually filed a motion for summary judgment arguing that the trial court did not have subject-matter jurisdiction over Davidson's claims because he did not file his lawsuit within the limitations period provided by the Whistleblower Act. *See* Tex. Gov't Code § 554.006(d)(1) (providing that an employee must file suit "not later than the 30th day after the date those procedures are exhausted to obtain relief under this chapter"). Davidson filed a response asserting that his lawsuit was not untimely

---

[1] Davidson also sued the Harris County Sheriff's Office as well Ed Gonzalez, the Harris County Sheriff at the time. Davidson non-suited those claims.

because the Supreme Court of Texas' Twenty-Ninth Emergency Order Regarding the Covid-19 State of Disaster extended the deadline for him to file his lawsuit. The trial court denied Harris County's motion and this interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

**ANALYSIS**

Harris County raises two issues in this appeal challenging the trial court's denial of its motion for summary judgment. We address these issues together.

## I.      Standard of review and applicable law

Whether a trial court has subject-matter jurisdiction is a matter of law is reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). A party may challenge the trial court's subject-matter jurisdiction by filing a plea to the jurisdiction or through another procedural vehicle such as a motion for summary judgment. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a governmental unit moves for summary judgment on the affirmative defense of sovereign or governmental immunity and thereby challenges the trial court's subject-matter jurisdiction, it must establish that it is entitled to immunity as a matter of law. *Oakbend Med. Ctr. v. Martinez*, 515 S.W.3d 536, 542 (Tex. App.—Houston [14th Dist.] 2017, no pet.). "Summary judgment is proper when a suit is barred as a matter of law because of a governmental unit's immunity." *Id.*

As a political subdivision of the state, Harris County is immune from suit absent an express legislative waiver of immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Immunity from suit focuses on whether the state has expressly consented to suit; when immunity exists, it deprives a trial court of subject-matter jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex.

3

2006); *College of the Mainland v. Meneke*, 420 S.W.3d 865, 869 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "The Legislature must use clear and unambiguous language indicating its intent to waive governmental immunity. *City of Houston v. Houston Prof'l Fire Fighter's Ass'n, Local 341*, 626 S.W.3d 1, 9 (Tex. App.—Houston [14th Dist.] 2021, pet. granted); *see* Tex. Gov't Code § 311.034. Additionally, "statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity." *See* Tex. Gov't Code § 311.034. In *City of Madisonville v. Sims*, a Whistleblower Act case like the one before us, the Texas Supreme Court held that "when a statutory prerequisite to suit is not met, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit), the suit may be properly dismissed for lack of jurisdiction." 620 S.W.3d 375, 378 (Tex. 2020) (internal quotation marks omitted).

Sovereign immunity refers to the State's immunity from suit and liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). In addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities. *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976). Governmental immunity, on the other hand, protects political subdivisions of the State, including counties, cities, and school districts. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995). Counties, as political subdivisions of the State, have governmental immunity from suits for damages unless the immunity has been waived. *City of Houston v. Houston Mun. Employees Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018).

The Texas Whistleblower Act is designed to enhance openness in government and to compel the government's compliance with law by protecting those who inform authorities of wrongdoing. *See City of Houston v. Levingston*,

221 S.W.3d 204, 218 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Under the Whistleblower Act, "[a] state or local governmental entity may not suspend or terminate the employment of . . . a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority."  Tex. Gov't Code § 554.002(a).

Davidson attempts to invoke the Texas Whistleblower Act as the express legislative waiver of immunity from suit that allowed him to sue Harris County. *See* Tex. Gov't Code § 554.0035.  Under this statute, "[a] public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter."  *Id*.  "Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter."  *Id*.  While it waives immunity from suit, the Whistleblower Act also establishes two prerequisites to a plaintiff filing suit: (1) the plaintiff must initiate the employer's available grievance or appeal procedures not later than ninety days after the alleged violation occurred or was discovered through reasonable diligence; and (2) the plaintiff must then timely sue within the timelines found in the statute.  *See Hennsley v. Stevens*, 613 S.W.3d 296, 302 (Tex. App.—Amarillo 2020, pet. denied) (*citing* Tex. Gov't Code § 554.006).  It is this second requirement at issue in this appeal.

## II.  The trial court erred when it denied Harris County's motion for summary judgment.

Harris County argues on appeal that the trial court erred when it denied its motion for summary judgment because Davidson failed to timely file his lawsuit, which deprived the trial court of subject-matter jurisdiction over his Whistleblower suit.  Davidson argued in the trial court, and again on appeal, that he timely filed his lawsuit because the Supreme Court of Texas' Twenty-Ninth Emergency Order

5

Regarding the Covid-19 State of Disaster extended the deadline for him to file his lawsuit. This order provides, in pertinent part, that "[s]ubject only to constitutional limitations, all courts in Texas may in any case, civil or criminal . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than February 1, 2021." *See* Twenty-Ninth Emergency Order Regarding COVID-19 State of Disaster, Misc. Docket No. 20-9135 (Dec. 11, 2020). Therefore, this appeal presents the question whether the Supreme Court of Texas' Twenty-Ninth Emergency Order extended the jurisdictional deadline for Davidson to timely file his Whistleblower lawsuit. We conclude that it does not.

We previously addressed this issue in a non-Whistleblower Act case. In *Lane v. Lopez*, we held that "while the Emergency Order promulgated by the Texas Supreme Court gives us discretion to extend deadlines, it does not include the extension of deadlines for perfecting appeals." No. 14-20-00633-CV, 2020 WL 6439689, at *1 (Tex. App.—Houston [14th Dist.] Nov. 3, 2020, pet. denied) (mem. op.). Other courts have held similarly. *See Prescod v. Tkach*, No. 02-21-00162-CV, 2022 WL 246858, at *5 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) (mem. op.) ("The emergency orders do not give courts authority to revive jurisdiction once a *jurisdictional* deadline has passed.") (emphasis in original); *Green v. Villas on Town Lake Owners Assoc., Inc.*, No. 03-20-00375-CV, 2021 WL 4927414, at *9 (Tex. App.—Austin Oct. 22, 2021, pet. filed) (mem. op.) ("While the order states that 'requests for relief' from deadlines for perfecting appeal should be 'generously granted,' nothing in the order alters the rules of appellate procedure or purports to grant jurisdiction where none would otherwise exist."); *Quariab v. El Khalilli*, No. 05-20-00979-CV, 2021 WL 960646, at *1 (Tex. App.—Dallas March 15, 2021, no pet.) (mem. op.) ("Because the trial court

lacked jurisdiction over the case by the time the motion to reinstate was filed, it could not avail itself of the emergency order to reinstate the case, and the challenged orders are void.").

Here, Davidson was required to file his lawsuit thirty days after the civil service commission's denial of his appeal. Davidson did not meet this requirement, instead filing his lawsuit approximately nine months past the jurisdictional deadline. *See* Tex. Gov't Code § 554.006(d)(1) (providing that an employee must file suit "not later than the 30th day after the date those procedures are exhausted to obtain relief under this chapter"). Because the Supreme Court's Emergency Order does not create jurisdiction where none exists, we hold that the trial court erred when it denied Harris County's motion for summary judgment. *See* Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."); *City of Madisonville*, 620 S.W.3d at 379 (holding that the Whistleblower Act filing deadline is "a jurisdictional statutory prerequisite to suit, and a claim that fails to meet that deadline may properly be disposed of by a jurisdictional plea"). We therefore sustain Harris County's issues on appeal.

## CONCLUSION

Having sustained Harris County's issues on appeal, we reverse the trial court's order denying Harris County's motion for summary judgment and render judgment dismissing Davidson's lawsuit for lack of subject-matter jurisdiction.

/s/    Jerry Zimmerer
           Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan (Hassan, J., concurring without opinion).